IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

OSCAR J. MONTGOMERY, JR.,

    Defendant.

No. 07-cr-40028 JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Oscar J. Montgomery, Jr.'s *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 43 & 45). Counsel was appointed and has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 47). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal (Doc. 49). The defendant has responded that he does not object to counsel's withdrawal but contends he is entitled to a sentence reduction because of alleged errors in his sentencing guideline calculation (Doc. 50). He asks the Court to appoint counsel for him to investigate these alleged errors.

On August 8, 2007, Montgomery pled guilty to two counts of possessing with intent to distribute crack cocaine, in one instance more than 5 but less than 50 grams and in the other less than 5 grams. Using the 2007 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct was 74.37 grams of cocaine base, resulting in a base offense level of 30. However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on three prior drug felony convictions, which raised his base offense level to 37.

His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he timely accepted responsibility for his offenses, yielding a total offense level of 34. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 288 months in prison.

The defendant now asks the Court to apply changes to U.S.S.G. § 2D1.1 to lower his sentence. His first motion (Doc. 43) seeks a reduction following Amendment 750 (as amended by Amendment 759), which amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011). His second motion (Doc. 45) seeks a reduction following Amendment 782, which amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with

applicable policy statements issued by the Sentencing Commission.   If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.   *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   Although Amendments 750 and 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.   Thus, his offense level and his guideline range have not been lowered by Amendment 750 or 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).   This conclusion would not be changed even if, as the defendant alleges, his sentencing guideline range was calculated in error, which cannot be remedied in a proceeding for a sentence reduction under 18 U.S.C. § 3582(c)(2). Furthermore, appointment of counsel would not assist Montgomery in arguing otherwise.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his *pro se* motions for a sentence reduction (Docs. 43 & 45), **GRANTS** counsel's motion to withdraw (Doc. 47) and **ORDERS** that counsel Melissa A. Day is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:   September 9, 2016**

           s/ J. Phil Gilbert
           **J. PHIL GILBERT**
           **U.S. DISTRICT JUDGE**