IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OSCAR J. MONTGOMERY, JR.,<br><br>    Defendant. | No. 07-cr-40028 JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Oscar J. Montgomery, Jr.'s *pro se* motion to preserve possible issues raised by *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (Doc. 52). Both of those cases concern whether a prior conviction was properly counted as a prior felony conviction for purposes of career offender status under § 4B1.1(a) of the United States Sentencing Guidelines Manual. Montgomery wants to "preserve" these issues so he can challenge the propriety of his criminal sentence once his transfer to a new federal correctional facility is accomplished and he has an opportunity to draft a filing.

What Montgomery actually requests is an extension of time to file a § 2255 motion, the only motion available to him to obtain the relief he seeks. However, Montgomery faces two obstacles. First, § 2255 itself provides no authority for the Court to grant a pre-motion extension of the one-year deadline for filing a § 2255 motion. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001) (extension may be granted only after § 2255 motion filed). However, because the one-year deadline is procedural and not jurisdictional, a late filing may be excused at the time of filing by equitable tolling or estoppel. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see Lombardo v. United States*, No. 15-2860, 2017 WL 2644331, at *2 (7th Cir.

June 20, 2017); *Green*, 260 F.3d at 82-83.  Nevertheless, the Court cannot grant a pre-filing extension.

The Court could construe Montgomery's *pro se* motion for an extension of time as a § 2255 motion, and then allow him to amend it to present a more complete motion or to supplement it with a memorandum of law later.  The current filing sets forth the legal issues Montgomery wants to raise and suggests the ultimate relief he seeks, so it arguably qualifies as a § 2255 motion.  *Green*, 260 F.3d at 83 ("Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*, 404 U.S. 519 (1972) (*per curiam*),] to treat that motion as a substantive motion for relief under section 2255.").

However, here Montgomery would run into his second obstacle:  this would be his second § 2255 motion, *see Montgomery v. United States*, No. 12-cv-191-JPG, 2012 WL 6608680 (S.D. Ill. Dec. 17, 2012), and the Court of Appeals has not authorized him to file it.  In order for this Court to consider a successive motion, the Seventh Circuit Court of Appeals must certify the successive motion pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification.  Therefore, the Court does not have jurisdiction to entertain another § 2255 motion from Montgomery.  Because construing the pending motion as a § 2255 motion would simply lead to its dismissal for lack of jurisdiction, the Court declines to so construe it.  The Court instead simply considers it as a motion for an extension of time to file a § 2255 motion, relief which, as explained above, the Court cannot grant.

For these reasons, the Court **DENIES** Montgomery's motion (Doc. 52) but **DIRECTS** the

Clerk of Court to send him a § 2255 form for him to use should he ever seek from the Court of

Appeals and be granted leave to file a second § 2255 petition.

**IT IS SO ORDERED.**
**DATED:   June 29, 2017**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**