UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OSCAR J. MONTGOMERY, JR.<br><br>    Defendant. | Case No. 07-cr-40028-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Oscar J. Montgomery, Jr.'s motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 56).  The Government has responded to the motion (Doc. 70).

The defendant pled guilty to one count of possession with intent to distribute more than five but less than 50 grams of crack cocaine (Count 1) and one count of possession with intent to distribute less than 5 grams of crack cocaine (Count 2).  The Court sentenced the defendant for Count 1 under the statutory range set forth in 21 U.S.C. § 841(b)(1)(B) (2007) and for Count 2 under the statutory range set forth in 21 U.S.C. § 841(b)(1)(C) (2007).  Because the Government had filed an Information pursuant to 21 U.S.C. § 851, alleging a prior felony drug conviction (Doc. 13), the applicable statutory ranges at that time were 10 years to life for Count 1 and no more than 30 years for Count 2.

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 74.37 grams of crack cocaine, *see* PSR ¶ 17, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 30.  This offense level was increased by 2 points under U.S.S.G.

§ 3C1.1 for obstruction of justice and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes, yielding a total offense level of 29.

However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1.  Because the statutory maximum sentence for the defendant's offense of conviction was life, the base offense level applicable under U.S.S.G. § 4B1.1(b) was 37, also reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, yielding a total offense level of 34.   Because the total offense level based on U.S.S.G. § 4B1.1 was greater than the total offense level based on U.S.S.G. § 2D1.1, the Court applied the total offense level based on U.S.S.G. § 4B1.1(b).   Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison.   The Court imposed a mid-range sentence of 288 months on both counts to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty). Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well. *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act. His conviction is the type of conviction covered by § 404 of the First Step Act. He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(B)(iii) and, indirectly, the range set

---

Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

forth in 21 U.S.C. § 841(b)(1)(C), under which he was sentenced.   Because the Fair Sentencing Act modified the penalties for the statutory provisions under which the defendant was sentenced, his offenses qualify as covered offenses under the First Step Act.   *See Shaw*, 957 F.3d at 739. Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

In support of a sentence of 92 months in prison, Montgomery argues that under current law, because of the nature of his prior convictions and recent caselaw, he would not qualify for an enhancement under § 851 or for career offender status.   Thus, he believes his statutory sentencing range for Counts 1 and 2 under current law would be no more than 20 years in prison under unenhanced § 841(b)(1)(C), and his guideline sentencing range based on U.S.S.G. § 2D1.1(c) as amended would be 92 to 115 months in prison (BOL 23; CH VI).   Montgomery also notes that he has completed numerous hours of GED and educational programming and has nearly achieved his GED.   He has also seriously reflected on his own weaknesses that have led him into trouble in the past.

On the other hand, the Government urges the Court to use its discretion to reduce the defendant's sentence to the upper end of what it argues is the new guideline range:   235 months. It urges the Court to reject Montgomery's arguments that changes in the law that not declared retroactive be applied retroactively to him to negate his career offender status and his § 851 enhancement.   The Government argues that the only change in Montgomery's circumstances from the First Step Act's retroactive application of the Fair Sentencing Act's statutory ranges is that Montgomery's statutory maximum would change from life to 30 years, causing his total career offender offense level to fall to 31 where the guideline sentencing range would be 188 to 235 months.   It notes that a 210-month sentence would be a mid-range sentence in proportion to

his original sentence, but further argues a 235-month sentence would be more appropriate in light of the § 3553(a) factors.   It points to Montgomery's extensive and continual history of rule-breaking, crime and/or violence that began at age 13 and continues through his incarceration.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*) ("Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.   Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.   *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).   Thus, although the Court is not required to negate Montgomery's career offender status or his § 851 enhancement as it might do in a plenary resentencing, it should consider those factors in the exercise of its discretion.   *See Hudson*, 967 F.3d at 612.

With all prior § 851 enhancement, career offender, and relevant conduct findings the

5

same, had Montgomery been convicted and sentenced today, he would be subject to a statutory sentencing range on both counts of no more than 30 years in prison and no less than 6 years of supervised release under 21 U.S.C. §§ 841(b)(1)(C) and 851. His based offense level based on his career offender status would be 34, based on the statutory maximum of 30 years, *see* U.S.S.G. § 4B1.1(b)(2), which would be reduced by 3 points for acceptance of responsibility to a total offense level of 31. With a career-offender based criminal history category of VI, his guideline sentencing range would be 188 to 235 months.

Montgomery urges the Court to revisit his § 851 enhancement and his career offender status. Without those factors, had the defendant been sentenced today, his prior conviction for unlawful possession with intent to deliver a controlled substance in violation of 720 ILCS 570/401(c)(2) (Jefferson County Case No. 04-CF-124), would no longer support a § 851 enhancement *if* it were categorically broader than a prior conviction for a "felony drug offense" referred to in 21 U.S.C. § 841(b)(1)(C). *See United States v. Elder*, 900 F.3d 491, 501-02 (7th Cir. 2018) (conviction under broader Arizona law could not support § 851 enhancement) (applying categorical approach of *Mathis v. United States*, 136 S. Ct. 2243 (2016)). Assuming Montgomery is correct that his state offense is broader than the federal definition of a "federal drug offense" because "controlled substance" and "cocaine" are defined more broadly under state law than federal law, he would not be subject to enhancement under § 851, and his statutory maximum sentence would be 20 years rather than 30.

As for career offender status under U.S.S.G. § 4B1.1, that depends on Montgomery's having two prior felony convictions for a "controlled substance offense," defined to include a state offense for violation of a law that prohibits "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

6

U.S.S.G. § 4B1.2(b).   The same categorical approach applied to the § 851 enhancement question would apply here.   *United States v. Lynn*, 851 F.3d 786, 796-97 (7th Cir. 2017).   Thus, if his prior felony drug offenses are broader than the federal definition of a "controlled substance offense," they would not support career offender status.   Again, assuming Montgomery is correct that his prior state convictions are categorically broader than the convictions covered by U.S.S.G. § 4B1.2(b), he would not be a career offender.   Thus, the relevant offense level would come from § 2D1.1(c).   Today, 74.37 grams of crack cocaine would result in a base offense level of 24, still increased by 2 for obstruction of justice and reduced by 3 for acceptance of responsibility for a total offense level of 23.   Without the § 851 enhancement or career offender status, Montgomery's criminal history would be category V, so his guideline sentencing range today would be 84 to 105 months.

   The Court notes these alternative outcomes here only to confirm that it has considered them, not that it is bound by them.   The Court notes that the roots of *Mathis* and its progeny that support Montgomery's current arguments have existed since at least 1990 in *Taylor v. United States*, 495 U.S. 575 (1990), yet he did not raise these arguments before this Court at his sentencing or on appeal.[2]   Additionally, an erroneous career offender finding does not work a fundamental miscarriage of justice as long as the sentence is within the statutory range.   *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019).   Nevertheless, even the Government admits that Montgomery's statutory and guideline sentencing ranges would be lower by application of §§ 2 and 3 of the Fair Sentencing Act alone:   his statutory range would be no more than 30 years, and his guideline range would be 188 to 235 months.

---

[2] In a motion under 28 U.S.C. § 2255, Montgomery challenged the § 851 enhancement but on different grounds.   *See Montgomery v. United States*, No. 12-cv-191-JPG.   The Court never reached the issue because it dismissed the § 2255 motion as untimely.

In light of the evolution of the law since Montgomery's sentencing as well as his pre- and post-sentencing conduct, a reduction in sentence to 220 months followed by 6 years of supervised release—all on both counts to run concurrently—is appropriate. The Court leaves intact its prior findings that Montgomery is subject to a § 851 enhancement and is a career offender; those findings were not disturbed by passage of the First Step Act or the Fair Sentencing Act. Thus, his applicable guideline sentencing range would be 188 to 235 months.

The Court's prior consideration of the § 3553(a) factors explained at sentencing remains valid as to his pre-sentencing conduct. The Court further finds that consideration of the relevant § 3553(a) factors as to his post-sentencing conduct does not weigh in Montgomery's favor. In the approximately 12 years he has been in prison, while he has worked to educate himself, he has also received 21 disciplinary citations for incidents that displayed disrespect for rules and authority. Some of those infractions were violent. This disciplinary record makes clear that Montgomery's long history of disrespect for rules and authority continues, although it may have abated somewhat in recent months. Montgomery still needs a substantial sentence to teach him respect for the law and to protect the public from his further crimes. A reduced sentence of 220 months followed by 6 years of supervised release is sufficient but not greater than necessary to serve the purposes of sentencing. Additionally, this sentence is within the statutory range Montgomery argues applies—no more than 20 years. Even had the Court accepted that Montgomery should not be subject to a § 851 enhancement, this sentence would be within the statutory sentencing range and would still be an appropriate sentence considering the relevant § 3553(a) factors.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of §§ 2 and 3 of the Fair

Sentencing Act (Doc. 56).  The Court will enter a separate order for a reduction of sentence in its standard form.  In light of this order, Montgomery's motion for status (Doc. 72) is **DENIED as moot**.

**IT IS SO ORDERED.**
**DATED:   December 7, 2020**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**
